IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUTH HILLS VILLAGE ASSOCIATES, LP, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2:10-38 |
| v. | ) ) | Magistrate Judge Cathy Bissoon[1] |
| SELECT RESTAURANTS, INC., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**I.  MEMORANDUM**

Plaintiff, South Hills Village Associates, LP,[2] has alleged that Defendant, Select Restaurants, Inc., breached a lease agreement by failing to pay real estate taxes, rent, and various other expenses.  See Compl. ¶¶ 15-18.  Defendant filed a concise statement of material facts (Doc. 21) and memorandum in support of summary judgment (Doc. 22), but did not file an actual motion for summary judgment.  This Court will nonetheless treat Defendant's "Motion for Summary Judgment Statement of Material Facts" (Doc. 21) as a motion for partial summary judgment.  Because Defendant's brief (Doc. 22) addresses only the issue of whether Defendant owes Plaintiff any amounts for real estate taxes, this Court treats Defendant's motion as a motion

---

[1]  By consent of the parties, the undersigned sits as the District Judge in this case.  See Consent forms (Docs. 5, 6).

[2]  The parties' briefs and other filings often refer to "Simon" or "Simon Property Group, Inc.," which is the managing agent of Plaintiff South Hills Village Associates.  See Aff. of Jocelyn Gubler ¶ 1-2 (Doc. 25-1 at 195).  For ease of reference, this Court will refer to both South Hills Village Associates and Simon Property Group as "Plaintiff."  Simon Property Group is not a party to this action.

1

for partial summary judgment on that issue alone.[3] For the reasons stated herein, the Court will grant Defendant's motion.

**BACKGROUND**

Plaintiff, as landlord, and Defendant, as tenant, are successors in interest to a February 24, 1965 Lease for space in South Hills Village Mall, located in Allegheny County, Pennsylvania. Def.'s Statement of Material Facts ("Def.'s Facts") (Doc. 21) ¶¶ 5-6; Compl. ¶¶ 3-6. Plaintiff and Defendant entered into a Third Amendment to the Lease on October 20, 1993. Exh. B to Compl.; see also Def.'s Facts ¶ 5; Compl. ¶ 7. Pursuant to the Third Amendment, Defendant on February 11, 2004 exercised an option to renew the lease to October 31, 2009.[4] Exh. C. to Compl. Under the Lease, including the renewal term under the Third Amendment, Defendant operated a restaurant known as the Roxy Café in South Hills Village Mall until sometime in 2009.

Pursuant to the Third Amendment, during the renewal term:

> Tenant shall pay real estate taxes on a pro rata basis based upon Landlord's formula which is then being utilized by Landlord in its non-Department Store retail leases for space in the Shopping Center[.]

---

[3] Plaintiff did not object to Defendant's failure to file an actual motion and responded to Defendant's brief as if Defendant moved for partial summary judgment limited to the issue of whether Defendant owes Plaintiff payments for real estate taxes. This Court agrees with Plaintiff that Defendant failed to substantively address any of Plaintiff's claims other than the claim for allegedly underpaid property taxes.

[4] According to Plaintiff, under the Third Amendment, the Lease term expired on October 31, 2004, and the renewal term expired on October 31, 2009. Compl. ¶¶ 9-10. In Defendant's Answer, Defendant "denied" these allegations "as stated for the reason that they refer to a printed document that speaks for itself." Answer ¶¶ 9-10 (Doc. 3). Neither the Third Amendment nor the letter by which Defendant renewed the Lease indicates a certain date for expiration of the Lease. See Exh. B. to Compl. ¶ 4(a); Exh. C to Compl. The parties agree that Defendant surrendered the leased space to Plaintiff on October 31, 2009. Answer ¶ 13.

2

Exh. B. to Compl. ¶ 6(d)(iii). Prior to and during the renewal term, Defendant paid Plaintiff real estate taxes from October 1993 to October 2009 in the same manner based on the same formula. Pl.'s Response to Def.'s Facts ¶ 13. Defendant's payments were made in accordance with Plaintiff's calculations, which were provided to Defendant in "Cost Computation Summaries." See Pl.'s Br. at 7 (Doc. 24); Pl.'s Response to Def.'s Facts ¶ 29. During those sixteen years, Defendant "continuously paid what it believed to be its yearly real estate tax obligations under the Lease," Pl.'s Br. at 5, and Plaintiff never contended that there was a mistake in the calculation of real estate taxes due. Def.'s Facts ¶ 15; Pl.'s Response to Def.'s Facts ¶ 15.

Sometime after this period, Plaintiff apparently discovered what it believes was an error in the calculation of real estate taxes owed by Defendant. Pl.'s Response to Def.'s Facts ¶ 16. According to Plaintiff, it calculated Defendant's real estate tax owed based on the correct "formula" but used incorrect "data." See Pl.'s Response to Def.'s Facts ¶¶ 17-19. Specifically, Plaintiff contends that it misstated the total square footage of South Hills Village Mall occupied by non-anchor tenants by approximately 160,000 square feet. Pl.'s Br. at 7; Aff. of Jocelyn Gubler ¶ 9 (Doc. 25-1 at 196). Correction of this misstatement of square footage essentially doubles Defendant's tax obligation. See Pl.'s Response to Def.'s Facts ¶ 17. Plaintiff seeks recovery of the difference between the "corrected" amount of Defendant's alleged tax obligation and the amount of Defendant's tax obligation actually paid.

## ANALYSIS

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

3

Defendant argues that it satisfied its obligation to pay real estate taxes pursuant to the Third Amendment to the Lease by consistently paying real estate taxes in the same manner based on the same formula for sixteen years without objection from Plaintiff. Def.'s Br. 2-5. Plaintiff contends that a genuine issue of material fact exists as to whether Defendant satisfied that obligation because the payments made by Defendant between 2004 and 2009 were based on erroneous calculations. <u>See</u> Pl.'s Br. at 5-7; Pl.'s Response to Def.'s Facts ¶¶ 17, 19.

By Plaintiff's own admissions, there is no genuine issue of material fact that Defendant satisfied its real estate tax obligations under the Third Amendment to the Lease. First, Plaintiff agrees that Defendant made real estate tax payments based upon the correct "formula."[5] Second, according to Plaintiff, the "formula" used to calculate Defendant's tax obligation is distinct from the "data" used in that calculation. Plaintiff repeatedly asserts that Defendant paid real estate taxes based upon the correct "formula," but incorrect "data." Pl.'s Response to Def.'s Facts ¶ 17 ("Simon has never asserted that Select was billed based on an incorrect formula under the Lease . . . ."_); <u>id.</u> at ¶ 19 ("Simon has continuously asserted that it has, in fact, used the correct formula, but simply inputted incorrect data."); <u>see also</u> Pl.'s Response to Motion to Compel at 4 (Doc. 17) ("[Plaintiff] has in fact applied to these non-anchor tenants the same formula that has been applied to the Defendant.").

Accepting Plaintiff's characterization of the "formula" and the "data" used to calculate real estate tax obligations as distinct, and accepting Plaintiff's agreement that Defendant paid

---

[5] Plaintiff contends that its Recoverable Cost Computation Summaries (Doc. 25-1 at 68-192) showing the real estate tax obligations of other tenants at South Hills Village Mall "establish that the formula which Simon is seeking to apply to Select's real estate tax obligations is the same formula that has been applied to these other non-anchor tenants." Pl.'s Br. at 5. But whether those documents establish the "formula" to be used to calculate Defendant's tax obligation is immaterial because Plaintiff agrees that Defendant made real estate tax payments based on the correct "formula."

real estate taxes based on the correct "formula," there is no genuine issue of material fact that Defendant satisfied its obligations under the ordinary meaning of the Third Amendment to the Lease requiring Defendant to "pay real estate taxes on a pro rata basis based upon Landlord's formula which is then being utilized by Landlord in its non-Department Store retail leases for space in the Shopping Center." See Pines Plaza Bowling, Inc. v. Rossview, Inc., 145 A.2d 672, 676 (Pa. 1958) (noting that the words of a contract must be given their ordinary meaning). Nothing in the Third Amendment to the Lease requires Defendant to pay real estate taxes based on the same "data" used to calculate real estate taxes for other tenants.[6]

The parties' course of performance is consistent with the conclusion that Defendant acted in accordance with the parties' intent in entering into the Third Amendment to the Lease. "A court always may consider the course of performance as evidence of the intent of the parties." In re Old Summit Mfg., LLC, 523 F.3d 134, 137-38 (3d Cir. 2008) (citing Atlantic Richfield Co. v. Razumic, 390 A.2d 736, 741 n.6 (Pa. 1978)); see also Tindall v. Friedman, 2009 PA Super 50, 970 A.2d 1159, 1166 (Pa. Super. Ct. 2009) ("It is an established principle of contract construction that 'subsequent conduct of the parties, course of performance, is an aid to interpretation.'" (quoting Herzog v. Herzog, 887 A.2d 313, 316 (Pa. Super. Ct. 2005))).

Pathmark Stores, Inc. v. Gator Monument Partners, LLP, Civ. A. No. 08-3082, 2009 WL 5184483 (E.D. Pa. Dec. 21, 2009), is instructive on use of course of performance as an aid to interpreting a commercial lease. In Pathmark, a landlord alleged that a tenant breached a lease

---

[6] Plaintiff acknowledges that real estate taxes are calculated differently for different tenants at South Hills Village Mall. See Aff. of Jocelyn Gubler ¶ 6 (Doc. 23-1 at 196) ("Simon Property Group, as managing agent for the Landlord, uses the terms of each tenant's lease to calculate that tenant's share of those real estate taxes."); Pl.'s Response to Motion to Compel at 3 (Doc. 17) ("[N]ot all non-anchor tenants in South Hills Village Mall are assessed real estate tax charges in accordance to the formula by which the Defendant is charged under its Lease.").

by allegedly underpaying rent and for allegedly failing to make additional payments required for subleasing part of the leased property. See id. at *1. With respect to rent, the lease provided a specific lump sum amount, but also provided amounts per square foot. Id. at *2. The tenant consistently paid the lump sum amount for 28 years, from 1980 to 2008, without any calculation based on rent per square foot, and without objection from the landlord. Id. at *6, 8. The landlord argued that when the leased space was expanded in 1990, the rent should have increased based on a rent per square foot basis. Id. at *6. The landlord argued that the lengthy course of performance should be ignored because the lump sum payments for rent apparently were accepted "by mistake" by previous landlords. Id. The court rejected the landlord's argument, finding it incredible and not supported by the record that previous landlords were "unmotivated or asleep at the switch for 28 years" by not collecting additional rent allegedly owed by the tenant. Id. at *8. Finding that the lengthy course of performance made it clear that rent was to be paid in the lump sum amounts specified in the lease, the court granted summary judgment for the tenant on the issue of rent payments. Id.

The court similarly granted summary judgment for the tenant on the issue of alleged failure to make payments for subleasing part of the leased property. The parties disputed how payments for subleases should be calculated under the lease. See id. at *8-9. The court again turned to course of performance to aid interpretation of the lease. See id. at *9. The court noted a three-year course of performance in which the tenant never paid the landlord for subleasing part of the property. Id. The landlord again argued that a previous landlord made a mistake and "forgot that it was owed sublease revenue." Id. The court again rejected the landlord's argument, noting that "conjecture" about the previous landlord could not defeat summary judgment in favor of the tenant. Id.

6

Like the parties in Pathmark, the parties here dispute the calculation of a tenant's prior payments under a lease, made over several years, without objection from the landlord. Similar to the landlord in Pathmark, Plaintiff here acknowledges that "for approximately sixteen years, [Defendant] continuously paid what it believed to be its yearly real estate tax obligations under the Lease." Pl.'s Br. at 5. Defendant made real estate tax payments consistent with the calculations made by and provided by Plaintiff. See Pl.'s Br. at 7. Plaintiff accepted Defendant's payments and never objected that Defendant was underpaying real estate taxes. Def.'s Facts ¶ 15; Pl.'s Response to Def.'s Facts ¶ 15. As with the course of performance in Pathmark, the course of performance in this case is consistent with the conclusion that both parties understood that Defendant was satisfying its real estate tax obligations under the Third Amendment to the Lease.

Plaintiff argues only that Defendant's payments "were based on erroneous calculations." Pl.'s Br. at 5. But as in Pathmark, the parties' consistent course of performance without objection from Plaintiff undermines Plaintiff's argument that it miscalculated Defendant's tax obligation during the five years of the renewal term of the Lease. Plaintiff suggests that the Third Amendment to the Lease did not obligate Plaintiff to calculate Defendant's real estate tax obligation, and that Defendant should have known that Plaintiff allegedly miscalculated Defendant's tax obligations because the statements provided by Plaintiff "clearly misstated the total square footage of the Mall occupied by non-anchor tenants by approximately 160,000 square feet." Pl.'s Br. at 7; see also Pl.'s Response to Def.'s Facts ¶ 31.

Plaintiff's argument fails for several reasons. First, the Third Amendment to the Lease obligates Defendant to pay real estate taxes "based upon Landlord's formula which is then being utilized." Since Defendant's tax obligation was based on Plaintiff's formula, it is unclear how

7

Defendant would know how much it owed unless Plaintiff provided Defendant with the "formula" or calculations of Defendant's tax obligation. Second, it is unclear how Defendant, a tenant occupying one restaurant space in a large shopping mall, would know that Plaintiff "clearly misstated the total square footage of the Mall occupied by non-anchor tenants by approximately 160,000 square feet." Indeed, it is difficult to understand how this alleged misstatement could be so "clear" to Defendant, when the alleged error eluded Plaintiff for years. Third, even if Defendant somehow knew or should have known the total square footage occupied by non-anchor tenants, the statements that Plaintiff provided to Defendant do not clearly indicate that Plaintiff intended to calculate taxes owed based on space occupied by non-anchor tenants only. Instead, the line on the statements that includes the allegedly misstated number is labeled "Divide by Shopping Center sf." Doc. 25-1 at 175, 178, 181, 184, 187. Thus, even if Plaintiff made "erroneous calculations" of Defendant's tax obligation, Defendant had no reason to know (and no way of knowing) that Plaintiff used "incorrect" data for Plaintiff's own formula. Nothing in the record indicates that Defendant failed to make real estate tax payments in accordance with Plaintiff's "formula," as required by the Third Amendment to the Lease.

Because there is no genuine issue of material fact that Defendant did not breach its obligation to pay real estate taxes under the Third Amendment to the Lease, this Court need not address Defendant's argument that Plaintiff is estopped from asserting breach.

## **CONCLUSION**

For the reasons stated above, Defendant's motion for partial summary judgment (Doc. 21) will be granted.

## II. ORDER

The Court hereby **ORDERS** that Defendant's motion for partial summary judgment (Doc. 21) that Defendant did not breach its obligation to pay real estate taxes under the Lease and Third Amendment to the Lease is **GRANTED**.

**IT IS SO ORDERED**.

s/ Cathy Bissoon
Cathy Bissoon
U.S. Magistrate Judge

October 22, 2010

cc (via e-mail):

All counsel of record.